**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1489
_____

STRATTON PEAY,
Appellant

v.

CO SAGER; CO BERRY; CO SMAIL; SGT RITTENHOUSE; DEPUTY HORTON;
P.A. ENNIS; CHCA KIM SMITH; SUPERINTENDENT MICHAEL OVERMEYER;
DEPUTY OBERLANDER; COUNSELOR KUNIG; COUNSELOR MILLER; UNIT
MANAGER GUSTAFSON; UNIT MANAGER BERTOLINI; PSYCHOLOGIST
SHEASLY; PSYCHOLOGIST COWAN; PSYCHIATRIST SIMON; HEASLEY;
MCKEEL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-16-cv-00130)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 16, 2022

Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: December 20, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Stratton Peay appeals from the District Court's order granting summary judgment for the defendants. For the reasons that follow, we will affirm.

## I.

Peay commenced a civil rights action pursuant to 42 U.S.C. § 1983 against prison officials and medical staff at State Correctional Institution Forest (SCI-Forest). His claims stem from an incident in February 2015 when two inmates attacked him. Prison officials, Peay argued, orchestrated the attack to retaliate against him for filing a lawsuit against defendant Sergeant Rittenhouse. The District Court dismissed Peay's third operative amended complaint for failure to provide a short and plain statement for relief as required by Rule 8 of the Federal Rules of Civil Procedure. On appeal, we found that Peay's complaint satisfied Rule 8 and remanded the matter for further proceedings. See Peay v. Sager, 801 F. App'x 66, 69 (3d Cir. 2020) (non-precedential). After discovery, the defendants filed a motion for summary judgment, which the Magistrate Judge recommended granting. Overruling Peay's objections, the District Court adopted the Magistrate Judge's recommendation and granted summary judgment in favor of the defendants. This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any

material fact [such] that the moving party is entitled to judgment as a matter of law."

Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted).

"[U]nless there is sufficient evidence for a jury to reasonably find for the nonmovant,"

summary judgment should be granted. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822,

826 (3d Cir. 2011).

## III.

Appellees contend that Peay waived all issues for review because his appellate

brief did not identify the issues he sought to raise, nor did it contain cogent arguments as

required by Fed. R. App. P. 28. Appellees are correct that Peay did not provide citations

to the record or authorities in his brief. But liberally construing Peay's brief, as we must,

see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we find his brief adequately raised

several issues on appeal. Specifically, he argued that the inmate attack occurred in

retaliation for filing a lawsuit, claimed that defendants orchestrated the assault to

"intentionally stall[] this civil rights action," asserted that the attack left him with a

fractured mastoid bone, and contested his z-code classification.[1] See C.A. No. 14 at pp.

3-4, 12. Peay therefore raised a conspiracy claim, a retaliation claim, a deliberate

---

[1] A z-code housing classification indicates that an inmate is assigned to a single cell. The classification can be issued if an inmate presents a danger to himself or others, or has a documented history of aggressive behavior to cell partners. See ECF No. 211-4.

indifference claim, and a claim challenging his z-code classification as either an Equal

Protection violation or an unconstitutional condition of confinement.[2]

Peay first challenges the disposition of his claim that defendants conspired against

him by ordering the inmates to attack him. "To prevail on a conspiracy claim under

§ 1983, a plaintiff must prove that persons acting under color of state law 'reached an

understanding' to deprive him of his constitutional rights." Jutrowski v. Twp. of

Riverdale, 904 F.3d 280, 293-94 (3d Cir. 2018) (citation omitted). In his motion

opposing summary judgment, Peay explained that the same day he filed a civil rights

action against corrections officers, defendant Miller indirectly informed him that he

(Peay) was now part of the mob. See ECF No. 218 at p. 8. Peay was attacked by two

inmates later that evening. Defendant Miller's stand-alone statement and the inmate

attack do not demonstrate that any set of defendants "reached an understanding" to

prevent him from exercising his constitutional rights. Peay's speculation to the contrary

is not sufficient to defeat the defendants' motion for summary judgment where the record

contains no evidence of a conspiracy.

Judgment for defendants on Peay's retaliation claim was likewise proper. To

prevail on a retaliation claim, Peay needed to demonstrate that he engaged in a

constitutionally protected activity, he suffered an adverse action "at the hands of prison

officials," and the constitutionally protected conduct was a substantial or motivating

---

[2] Appellee McKeel argues that Peay has forfeited any claim against her because he did not include such a claim in his opening brief. See C.A. No. 19. We agree and find that any claim against her has been forfeited. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

factor for the adverse action. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).

Filing a lawsuit is certainly constitutionally protected conduct, see Anderson v. Davila,

125 F.3d 148, 162 (3d Cir. 1997), and an inmate attack is undoubtedly an adverse action.

But Peay presented no evidence – other than his own speculations – that prison officials

orchestrated the inmate attack. Without that evidence, there is no triable issue of fact as

to whether the prison officials caused the attack.

Next, Peay challenges the ruling on his Eighth Amendment claims. Peay argued

that the inmate attack left him with a fractured mastoid bone and defendants acted with

deliberate indifference in failing to treat that injury. Significantly, Peay raised these

claims against the corrections officers, and non-medical prison officials are generally

justified in relying on the expertise and care of prison medical providers. See Spruill v.

Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual

knowledge) that prison doctors or their assistants are mistreating (or not treating) a

prisoner, a non-medical prison official . . . will not be chargeable with the Eighth

Amendment scienter requirement of deliberate indifference."). Here, it is undisputed that

prison officials took Peay to the infirmary after he was attacked. Moreover, Peay's

medical records showed he received three mastoid bone x-rays from October 2018 to July

2020 because he complained of pain in that area. None of the results indicated that he

suffered from a fracture. While Peay submitted two undated inmate affidavits indicating

that they believe his mastoid bone was fractured, those affidavits only show that Peay

disagreed with the medical diagnosis that his mastoid bone was not fractured, and "mere

disagreement as to the proper medical treatment" does not give rise to an Eighth Amendment violation.[3]  Id. at 235 (citations omitted).

Finally, the District Court's condition-of-confinement ruling was proper.  Peay needed to demonstrate that his conditions of confinement (the z-code classification) amounted to a deprivation of life's basic necessities, and prison officials were deliberately indifferent to those conditions.  See Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020).  In support of their motion for summary judgment, the defendants submitted evidence showing that prison officials had voted to maintain Peay's z-code classification because he had accrued approximately 23 misconduct violations for assault since his incarceration in 1998.  See ECF Nos. 211-7; 211-10.  At most, Peay can point to an April 2016 vote where the psychologist voted against maintaining Peay's z-code classification as evidence suggesting the classification was no longer necessary.  See ECF No. 211-9.  But the psychologist's vote and Peay's allegations of loneliness are insufficient to show that his single-cell status placed him at a substantial risk of serious harm, or that

---

[3]  In his brief and his document supporting his appeal, Peay argues that the District Court abused its discretion in denying his motion for a non-prison physician to examine his injury.  For essentially the reasons provided by the Magistrate Judge, see ECF No. 177, we will affirm that ruling.

defendants were deliberately indifferent to his health or safety when issuing the classification.[4, 5]

Accordingly, we will affirm the judgment of the District Court.

---

[4] In his complaint, Peay challenged the z-code classification as an Eighth Amendment violation. See ECF No. 83 at p. 6 (discussing the deterioration in his mental and physical health that resulted from being incarcerated alone). He now argues the classification was an equal protection violation, see C.A. No. 14 at pp. 12-13, but that claim is forfeited. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021).

[5] To the extent that Peay asserts that he is innocent of the crime for which he is imprisoned and seeks release from custody, that claim can only be raised in a federal habeas petition, not in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).